# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH L. STEPHENS,  )<br>  )<br>      Plaintiff,  )<br>  )<br>v.  )<br>  )<br>NANCY A. BERRYHILL,  )<br>Acting Commissioner of the Social  )<br>Security Administration,[1]  )<br>  )<br>      Defendant.  ) | Case No. CIV-16-224-RAW-SPS |

## REPORT AND RECOMMENDATION

The claimant Deborah L. Stephens requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of

---

[2] Step One requires the claimant to establish that she is not engaged in substantial gainful activity. Step Two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born May 4, 1953, and was sixty-one years old at the time of the most recent administrative hearing (Tr. 373). She completed the eleventh grade, and has worked as a cook (Tr. 147, 344). The claimant alleges she has been unable to work since an amended onset date of September 1, 2008, due to back pain and problems with her right leg, depression, anxiety, and high blood pressure (Tr. 141).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on September 24, 2009. Her applications were denied. ALJ Trace Baldwin held an administrative hearing and ALJ Osly F. Deramus, writing for ALJ Baldwin, determined that the claimant was not disabled in a written opinion dated January 25, 2011 (Tr. 11-20). The Appeals Council denied review, but this Court reversed in Case No. CIV-12-280-JHP-SPS, and remanded the case back to the ALJ (Tr. 420-429). On remand, ALJ Doug Gabbard, II, held an administrative hearing and again determined that the claimant was not disabled in a written opinion dated October 16, 2014. There is no record of Appeals Council action on ALJ Gabbard's October 2014 opinion, so on February 8, 2016, ALJ Gabbard issued a

final decision in this case, which became final when the Appeals Council again failed to take further action within sixty days. *See* 20 C.F.R. §§ 404.984, 416.1484.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform a full range of medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), *i. e.*, she could lift/carry fifty pounds occasionally and twenty-five pounds frequently, stand and/or walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday (Tr. 340). As such, the ALJ concluded that the claimant was not disabled because she could return to her past relevant work as a cook (Tr. 344).

## Review

The claimant argues that the ALJ erred by: (i) failing to discuss evidence that conflicted with his findings, including the worsening of her mental condition in 2013, the need for counseling in addition to the claimant's medications, ignoring a notation that she had a slightly stooped posture, improperly finding her chiropractor's evaluation to be normal, and improperly relying on a Function Report regarding her daily activities; and (ii) failing to properly evaluate the opinion of her chiropractor, Dr. Brian Mills. The undersigned Magistrate Judge finds that the ALJ *did fail* to properly evaluate the evidence in the record, and the decision of the Commissioner should be reversed and the case remanded for further proceedings.

The ALJ found that the claimant had the severe impairments of degenerative disc disease of the back status post laminectomy in 1993 and high blood pressure, as well as

-4-

the nonsevere impairments of anxiety, wrist and hand fractures, right knee sprain and fix, bilateral shoulder pain, hyperlipidemia, foot pain, and seizures related to anxiety (Tr. 338). The relevant medical evidence reflects that the claimant underwent a lumbar laminectomy with microdiskectomy in March 1993 (Tr. 199). Beginning in 2008, the claimant's treating physician began refilling a prescription for Paxil, although sometimes the claimant went off it due to an inability to afford it (Tr. 213-226, 561-570).

On November 21, 2009, Dr. Geo-Phillips Chacko conducted a physical examination of the claimant (Tr. 229). On exam, Dr. Chacko noted that the claimant's lumbar-sacral spine was tender with the full range of motion, but that her gait was safe and stable with appropriate speed and normal heel/toe walking (Tr. 231). He assessed her with status post lumbar strain status post disc surgery with scar, depression, and anxiety (Tr. 231).

On November 30, 2009, Dr. Chris Unterseher conducted a psychiatric evaluation of the claimant (Tr. 235-238). He noted that her judgment was intact but that she had only fair insight, and that she appeared capable of handling funds (Tr. 237). He assessed her with major depressive disorder, recurrent, moderate, as well as alcohol and nicotine dependence (Tr. 237).

On March 5, 2010, state reviewing physician Deborah Hartley, Ph.D., found that the claimant's major depressive disorder was a nonsevere impairment, causing only mild functional limitations (Tr. 239-251). Dr. Luther Woodcock reviewed the record and determined that the claimant could perform the full range of medium work (Tr. 254).

On March 31, 2010, Brian Mills, D.C., the claimant's chiropractor, sent a letter stating that the claimant had been diagnosed with sciatica neuritis/neuralgia that caused increased pain when she walks or stands for prolonged periods (Tr. 286). His treatment notes reflect the claimant reported that standing made her back pain worse, that she had chronic pain radiating to the left leg, as well as numbness of the left leg, and positive straight leg raising tests (Tr. 287-288).

Later testing reveals that the claimant had mild degenerative changes in the glenohumeral joint of her right shoulder (Tr. 543). Hospital treatment records indicate the claimant received treatment several times for increased anxiety following the murder of her son (Tr. 546, 550).

In his written opinion, the ALJ summarized most of the medical evidence in the record, as well as the claimant's hearing testimony, but provided little analysis. Specifically, the ALJ summarized Dr. Chacko's consultative examination findings, Dr. Mills's assessment, and Dr. Unterseher's consultative psychological exam. The ALJ described Dr. Mills's assessment as indicating the claimant had sciatic neuritis neuralgia causing increased pain when she walked or stood for long periods but that her examination was otherwise normal (Tr. 342). He did, however, assign great weight to the opinions of the state reviewing physicians who found the claimant could perform medium work and had no severe mental impairments, finding that their opinions were "balanced, objective, and consistent with the evidence of record as a whole." (Tr. 342).

Social Security regulations provide for the proper consideration of "other source" opinions such as that provided by Dr. Mills herein. *See, e. g., Frantz v. Astrue*, 509 F.3d

1299, 1302 (10th Cir. 2007) (noting that other source opinions should be evaluated with the relevant evidence "on key issues such as impairment severity and functional effects" under the factors in 20 C.F.R. §§ 404.1527, 416.927), *quoting* Soc. Sec. Rul. 06-03p, 2006 WL 2329939 at *3, *6 (Aug. 9, 2006) ("[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."). The factors for evaluating opinion evidence from "other sources," are similar to a treating physician analysis but set out separately and include: (i) the length of the relationship and frequency of contact; (ii) whether the opinion is consistent with other evidence; (iii) the extent the source provides relevant supporting evidence; (iv) how well the source's opinion is explained; (v) whether claimant's impairment is related to a source's specialty or area of expertise; and (vi) any other supporting or refuting factors. *See* Soc. Sec. Rul. 06-03p, at *4-5; 20 C.F.R. § 404.1527(d). *See also Anderson v. Astrue*, 319 Fed. Appx. 712, 718 (10th Cir. 2009) ("Although the ALJ's decision need not include an *explicit discussion* of each factor, the record must reflect that the ALJ *considered* every factor in the weight calculation.") [emphasis in original] [internal citations omitted]. The ALJ noted at the outset of step four that he had considered opinion evidence in accordance with SSR 06-03p, and simply noted that Dr. Mills was "not an acceptable medical source under the regulations." (Tr. 342). He continued, noting that this examination contained findings that indicated the claimant's ability to walk or stand for long periods might be affected, but made no

explanation for why such an opinion did not factor into his ultimate RFC assessment and failed to note the positive straight leg raise tests, lumbar muscle tightness and tenderness, and an antalgic gait. This demonstrates that the ALJ failed to consider Dr. Mills's opinion in accordance with the requirements of SSR 06-03p and the factors set forth above, and further demonstrates improper picking and choosing. *See, e. g., Clifton v. Chater*, 79 F.3d 1007, 1010 ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.") *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-1395 (9th Cir. 1984). Furthermore, the ALJ opted to give "great weight" to the opinion from the state reviewing physician—which predated Dr. Mills's—because the doctor is familiar with Social Security regulations, and the evidence (up to that time) in the record. Because this is a significant misunderstanding with regard to the evidence and directly relates to findings regarding the claimant's RFC, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis.

The claimant also argues, *inter alia*, that the ALJ erred in failing to properly account for her nonsevere impairments, particularly her mental impairments. Here, the ALJ determined, as stated above, that the claimant had the nonsevere impairments of anxiety, wrist and hand fractures, right knee sprain and fix, bilateral shoulder pain, hyperlipidemia, foot pain, and seizures related to anxiety, and the undersigned Magistrate Judge agrees. *See, e. g., Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("'At step two, the ALJ must 'consider the combined effect of all of [the claimant's]

impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two].  Nevertheless, any error here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."), *quoting Langley v. Barnhart,* 373 F.3d 1116, 1123-24 (10th Cir. 2004) *and* 20 C.F.R. § 404.1523.  *See also Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("Once the ALJ finds that the claimant has *any* severe impairment, he has satisfied the analysis for purposes of step two.  His failure to find that additional alleged impairments are also severe is not in itself cause for reversal.  But this does not mean the omitted impairment simply disappears from his analysis.  In determining the claimant's RFC, the ALJ is required to consider the effect of *all* of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'") [emphasis in original] [citations omitted].  Here the error *was not* harmless, because although the ALJ mentioned each impairment at step two the ALJ entirely failed to mention, much less consider the "cumulative effect of claimant's impairments," at step four.  *Langley*, 373 F.3d at 1123.  *See also Hamby v. Astrue*, 260 Fed. Appx. 108, 112 (10th Cir. 2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two.  He failed to consider the consequences of these impairments, however, in determining that Ms. Hamby had the RFC to perform a wide range of sedentary work.") [unpublished opinion].

Accordingly, on remand, the ALJ should evaluate *all* the evidence in the record related to both the claimant's physical *and* mental impairments, as well as the combined

effects of these impairments, as required by the law and regulations.  If such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

As set forth above, the undersigned Magistrate Judge PROPOSES that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence.  Accordingly, the undersigned RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED for further proceedings consistent herewith.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* Fed. R. Civ. P. 72(b).

**DATED** this 22nd day of August, 2017.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**